IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY G. YOUNG, | ) | |
| Plaintiff(s), | ) | No. C 06-7861 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| Y. FRANCO, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner and participant in the mental health services delivery system at Salinas Valley State Prison ("SVSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that several correctional officials at SVSP's Correctional Treatment Center ("CTC") have persistently harassed him despite their knowing he is a mental health patient with a history of depression, poor coping skills and anger management.  Among other things, plaintiff alleges that correctional defendants periodically deny him his pain medication and ignore medical staff's instructions to open his cell door to be fed due to plaintiff's "psychosomatic reaction" to being fed food through the cell door's food port. Plaintiff also alleges that defendants further harassed him by falsely charging him with a disciplinary rule violation and placing him in administrative segregation for 37 days without adequate food and exercise, and under threats of harm.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Allegations of threats and harassment fail to state a claim cognizable under 42 U.S.C. § 1983. <u>See</u> <u>Freeman v. Arpaio</u>, 125 F.3d 732, 738 (9th Cir. 1997) (verbal harassment and abuse); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (threats); <u>Rutledge v. Arizona Bd. of Regents</u>, 660 F.2d 1345, 1353 (9th Cir. 1981) (harassment). But harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel and unusual punishment may indeed present a claim cognizable under § 1983. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 528-30 (1984) (malicious cell searches and calculated harassment unrelated to prison needs may implicate 8th Amendment's protection against cruel and unusual punishment); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (harassment with regards to medical problems cognizable if it constitutes

2

deliberate indifference). Liberally construed, plaintiff's allegations implicate the Eighth Amendment's proscription against cruel and unusual punishment, especially in view of his known mental health needs, and accordingly will be served on the named defendants.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

---

[1] In order to proceed against the Doe defendants plaintiff includes in his complaint, plaintiff must first identify them and amend his complaint to name them as defendants and set forth specific facts as to how each of them violated his federal rights. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants). Plaintiff will be afforded 30 days from the date of this order to identify the unknown Doe defendants and amend his complaint.

3

1       b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

       c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

       Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

  4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: March 26, 2007

            CHARLES R. BREYER
            United States District Judge